IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **ANTHONY HOWARD, #27917-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv408** |
| | § | **CRIMINAL ACTION NO. 4:18cr46(4)** |
| **UNITED STATES OF AMERICA** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Anthony Howard filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. After a careful review of the case, the Court recommends the § 2255 motion be denied.

### I. PROCEDURAL BACKGROUND

On August 27, 2019, the District Court sentenced Movant to two hundred forty months' imprisonment after he pled guilty to Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation of 18 U.S.C. § 846. *See* Crim. ECF (Dkt. #900). Movant did not file a direct appeal, but filed the instant § 2255 motion on May 15, 2020, the date he states he placed it in the prison mailing system, *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of AEDPA, a pro se petitioner's federal petition is filed on the date it is placed in the prison mail system) (Dkt. #1). Movant asserts his counsel was

ineffective. In its Response (Dkt. #9), the Government argued that Movant is not entitled to any relief, to which Movant filed a Reply[1] (Dkt. #12).

## II. FACTUAL BACKGROUND

Movant's conviction stems from his participation in a drug trafficking conspiracy involving the distribution of 45 kilograms or more of a mixture or substance containing methamphetamine or 4.5 kilograms or more of actual methamphetamine. The conspiracy began in January 2017 and continued until May 2018. Movant's role in the conspiracy was to supply co-conspirators with kilogram quantities of methamphetamine from various sources, which were imported from Mexico, for distribution to others in the Eastern and Northern Districts of Texas. Movant was apprehended after selling 114.2 grams of methamphetamine to a confidential informant for $1,400.00. He was on parole at the times of these events.

On November 15, 2018, a federal grand jury in the Eastern District of Texas returned a Fourth Superseding Indictment charging Movant and twenty-seven others in Count 1 with Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). On March 7, 2019, Movant signed the written plea agreement in which he pled guilty to the charged offense. Crim. ECF (Dkt. #642). He appeared before United States Magistrate Judge Christine A. Nowak in his Change of Plea Hearing on March 26, 2019. Crim. ECF (Dkt. #1067). On March 28, 2019, the District Court adopted the Magistrate Judge's recommendation that Movant's guilty plea be accepted. Crim. ECF (Dkt. #655). On August 27, 2019, the District Court conducted Movant's sentencing hearing and sentenced him to two hundred

---

[1] Movant filed a second Reply (Dkt. #13) on June 16, 2021, but it is identical to the original Reply.

forty months' imprisonment, followed by a five-year term of supervised release. Crim. ECF (Dkt. #900).

### III. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard

requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (requiring defendant to show a reasonable probability that, but for counsel's allegedly erroneous failure, he would have insisted on trial).

### A.    Failure to Challenge the Amount of Drugs

Movant asserts counsel should have argued that he was only responsible for 114.2 grams of methamphetamine – the amount recovered from him at the time of his arrest. (Dkt. #5 at 4). Movant cannot show ineffective assistance of counsel by making conclusory allegations that his counsel failed to file motions, make objections, or follow his instructions. *See, e.g., United States v. Demik*, 489 F.3d 644, 647 (5th Cir. 2007). In analyzing whether counsel is ineffective for failing to file motions, a determination of ineffectiveness "depends on whether a motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023,

4

1025 (5th Cir. 1987). It is well-settled that counsel is not required to argue or file meritless objections or motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). This Court will grant federal habeas corpus relief only when the error is so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause. *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983).

The record shows that Movant stipulated he was responsible for 45 kilograms or more of a mixture or substance containing a detectable amount of methamphetamine or 4.5 kilograms or more of methamphetamine (actual) in the Factual Basis. Crim. ECF (Dkt. #644 at 1-2). Movant stipulated that "[t]his amount was involved in the conspiracy after the defendant entered the conspiracy, was reasonably forseeable to the defendant, and was part of jointly undertaken activity." *Id*. at 2. Furthermore, at his change of plea hearing, Movant again confirmed that everything contained in the Factual Basis was true and correct. Crim. ECF (Dkt. #1067 at 27). Movant fails to show that any such motion would have been sustained. *Oakley*, 827 F.2d at 1025. Therefore, Counsel cannot be held to be ineffective for failing to argue frivolous claims or file futile motions. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

**B.**     **Failure to Object to "Importation" Enhancement**

Movant also claims Counsel should have objected to the two-level "Importation" Enhancement "because it was not known that the methamphetamine consisted of unlawfully imported chemicals[.]" (Dkt. #5 at 5). The Court finds this claim to be disingenuous. First, in his Factual Basis, Movant stipulated that his role in the conspiracy was "to supply co-conspirators with kilogram quantities of methamphetamine from various sources, which was imported from Mexico, which would then be distributed to other co-conspirators and co-defendants during the term of the

conspiracy in the Eastern and Northern Districts of Texas." Crim. ECF (Dkt. #644 at 2). At his change of plea hearing, Movant then testified that he had read the Factual Basis in its entirety, and that everything was true and correct. Crim. ECF (Dkt. #1067 at 27). Additionally, the PSR noted that Movant's "role in this conspiracy was to supply co-conspirators with kilogram quantities of methamphetamine from various sources which had been imported from Mexico and would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas." Crim. ECF (Dkt. #872 at 6). Under "Specific Offense Characteristics," the PSR noted that Movant's Factual Basis acknowledged and stipulated that the methamphetamine he distributed throughout the course of the conspiracy "had been imported from Mexico." *Id*. at 7. Accordingly, a two-level increase was added pursuant to U.S.S.G. § 2D1.1(b)(5). *Id*. At his sentencing hearing, Movant made no objections to the PSR that had not been already resolved by Probation. Crim. ECF (Dkt. #1050 at 3-4). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

Again, whether Counsel is ineffective for failing to object "depends on whether a motion or an objection would have been granted or sustained had it been made." *Oakley*, 827 F.2d at 1025. Movant fails to show that any such objection would have been sustained. *Id*. Therefore, Counsel cannot be held to be ineffective for failing to argue frivolous claims or file futile motions. *Koch*, 907 F.2d at 527. Furthermore, the record reflects that, based on Movant's total offense level of 37 and criminal history level of 6, his advisory guideline range was "360 months to life." Crim. ECF (Dkt. #1050 at 4). Yet the District Court sentenced Movant to two hundred forty months pursuant to the agreement contained in his Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement. With the benefit of his

Plea Agreement, Movant received a sentence of ten years less than the minimum under the advisory guideline range. He cannot show prejudice.

In conclusion, Movant fails to show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. He also fails to show that he would not have pled guilty and taken his chances at trial. *Hill*, 474 U.S. at 57-59. Movant's issues are without merit, and the District Court should deny the § 2255 motion.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended the District Court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the District Court find Movant is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended that the motion to vacate, set aside, or correct sentence be **DENIED**, and the case be **DISMISSED** with prejudice. It is recommended a certificate of appealability be **DENIED**.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

8

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 25th day of August, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE